UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHILLIP E. JONES,

        Petitioner,                            Case No. 12-15465
                                           Honorable Thomas L. Ludington

v.

JEFFREY WOODS,

        Respondent.

_____/

**ORDER CONSTRUING PETITIONER'S RESPONSE
TO ORDER TRANSFERRING CASE AS A MOTION FOR
RELIEF FROM JUDGMENT AND DENYING THE MOTION**

On December 13, 2012, Petitioner Phillip Jones filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions for first-degree murder, felony firearm, and drug possession.  Petitioner has previously filed habeas petitions in federal court challenging those same convictions.  Under the guidance of 28 U.S.C. § 1631 and *Sims v. Terbush*, 111 F.3d 45 (6th Cir. 1997), the Court entered an order transferring the case to the United States Court of Appeals for the Sixth Circuit.  *See id*. at 47 ("when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

On April 18, 2013, Petitioner filed a response to the Court's order transferring the case, requesting that the Order be withdrawn so the proceeding may move forward in this Court.  Although not specifically styled as a motion, Petitioner has made clear the relief he desires: that the April 4 Order transferring the case be vacated.  The "response" is thus appropriately considered a motion for relief pursuant to Federal Rule of Civil Procedure 60.

A court may relieve a party from an order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

        *     *     *     *     *

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Petitioner has not offered evidence to satisfy the first three requirements. In fact, he acknowledges that he has filed previous habeas petitions, which would bring his current petition under the purview of *Sims v. Terbush*.  Petitioner does, however, maintain that his previous petitions were not addressed on "the merits."  Pet'r's Resp. 1, ECF No. 5.

However, contrary to Petitioner's assertion, his previous habeas petitions were dismissed on the merits.  *See*, *e.g.*, *Jones v. Miller*, 989 F.2d 499 (6th Cir. 1993).  Therefore, unless he obtains appellate authorization to file a successive petition, this Court can do nothing but transfer any subsequent petitions to the Sixth Circuit pursuant to § 1631.  So although the Court will construe Petitioner's response to the order transferring the case as a motion for relief, the motion will be denied.

Accordingly, it is **ORDERED** that Petitioner's response, ECF No. 5, is **DENIED**.

Dated: May 3, 2013

                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Phillip Jones #121053 Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 by first class U.S. mail on May 3, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS